## REMEDY UNDER FAILURE OF WARRANTY OF A HORSE.

Circuit Court of Cuyahoga County.

JOHN H. SMART v. GEORGE R. TEEPLE.

Decided, June 2, 1911.

*Warranty of Horse—Option to Return Horse and Receive Money Back—Measure of Damages—Special Damages.*

1. Where a horse is sold under warranty and one of the conditions of the sale is that the purchaser if not satisfied with the horse after trial thereof, *might* return him the next day and receive his money back, the purchaser has his election, upon breach of the warranty, to return the horse and have his money back, or keep the horse and sue for damages arising from breach of the warranty.

2. In an action for breach of warranty of a horse, the measure of damages is the difference between the value of the horse, if it had been as represented, and its value as it actually was.

3. In an action for damages for breach of warranty of a horse, the plaintiff may show special damages suffered by reason of his carriages being injured by the actions of the horse, and expenses in attempting to cure the horse of distemper.

*Smart, Marvin & Ford,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action for damages for breach of warranty of a horse, the defendant denying the warranty and breach thereof; he also alleged that one of the conditions of the sale of the horse was that the purchaser, if not satisfied with the horse after trial thereof, might return him the next day and receive back his money.

There was evidence tending to prove the warranty, its breach, and that the condition mentioned was made, but that the plaintiff refused to return the horse and receive his money and elected to keep the horse and sue for damages rising from breach of the warranty. Verdict and judgment was for the defendant.

The court charged the jury that "if Smart was told at the time of the sale, that if he did not like the horse he might return him,

then it was the duty of Smart to so return the horse and get his money, and this was a condition precedent to his right to sue for breach of warranty.''

This was error; the condition was that the purchaser *might* return the horse; it was optional with him to do so. The law on this subject is well stated in *2 Mecham on Sales,* 1807:

"In cases where the language is permissible and not manda-tory, it is well settled that the buyer, at his option, may avail himself of the special remedy, or waive it and sue at law for the breach of warranty.'' See also 24 Am. & Eng. Enc. of Law, 1154, and cases cited.

The authorities submitted by counsel for defendant in error are all in accord or consistent with this rule.

The court also erred in his charge as to the measure of damage, which should have been stated as the difference between the value of the horse, if it had been as represented, and its value as it actually was.

The horse having been bought at a well advertised auction sale, the court said:

"If it was an open market sale, properly advertised, wasn't the purchase price of this horse the fair market value of the horse? That is for you to determine from the evidence in this cause, gentlemen. I am not going to say to you that as a matter of law, that was the fair market value of this horse; but I say you must take all things into consideration to show whether or not it was not the fair market value of this horse.''

This was misleading, very unfair and extremely prejudicial to the plaintiff.

The court also erred in refusing to admit evidence of special damages suffered by the plaintiff by reason of damage done to his carriages by the actions of the horse and expenses in attempt-ing to cure the horse of distemper. 9 C. D., 218.

For error in the charge, as indicated, and for error in ruling on evidence, the judgment is reversed and the cause remanded for a new trial according to law.